■ LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents, v K.O. MEDICAL, P.C., Appellant. [37 NYS3d 535]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about March 6, 2015, which, upon renewal, granted plaintiffs' motion to amend the complaint, for summary judgment, and for a permanent injunction against any arbitration or court hearing on no-fault benefits between the parties, to the extent of declaring that defendant is not entitled to no-fault insurance benefits, unanimously modified, on the law, to deny the parts of the motion seeking summary judgment and leave to amend, to vacate the declaration, and to order that the denial of the parts of the motion seeking to amend the complaint and for a permanent injunction is without prejudice to renewal, and otherwise affirmed, without costs.

Plaintiffs seek, inter alia, a declaration that defendant is not entitled to no-fault insurance benefits because it failed to appear for examinations under oath (EUOs). However, plaintiffs failed to demonstrate that the EUOs were properly noticed (*see e.g. Interboro Ins. Co. v Perez*, 112 AD3d 483 [1st Dept 2013]). Counsel's affirmation may be sufficient proof that the requests for EUOs were mailed (*see Liberty Mut. Ins. Co. v Five Boro Med. Equip., Inc.*, 130 AD3d 465 [1st Dept 2015]), but neither the affirmation nor anything else in the record establishes that the requests were mailed in accordance with the time frames set forth in the no-fault implementing regulations. Under the circumstances, the timeliness of plaintiffs' claim denials is immaterial (*see Interboro Ins. Co.*, 112 AD3d 483).

Plaintiffs also failed to establish prima facie defendant's failure to appear for the EUOs. The transcripts submitted to show defendant's failure to appear on certain dates were uncertified and unsworn (*see Rue v Stokes*, 191 AD2d 245, 246-247 [1st Dept 1993]), and no evidence was submitted with respect to the other dates.

In support of their motion to amend, plaintiffs failed to include the proposed amended complaint or the proposed additional billings (*see McBride v KPMG Intl.*, 135 AD3d 576, 581 [1st Dept 2016]). Thus, the motion is denied without prejudice to renewal before the trial court. The motion for an injunction against arbitration or further court proceedings also is denied without prejudice to renewal, and that motion should be addressed to Supreme Court in the first instance. Concur—Sweeny, J.P., Manzanet-Daniels, Feinman, Kapnick and Webber, JJ.